UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FERNANDO NAVARRO HERNANDEZ,              ) ) ) Petitioner,                              ) ) vs.                                                ) ) E.K. McDANIEL, *et al.*,                  ) ) Respondents.                            ) ) / | 3:09-cv-00545-LRH-RAM ORDER |

On December 11, 2009, in this habeas corpus action pursuant to 28 U.S.C. § 2254, petitioner Hernandez filed a motion for an expedited order from this court directing the Eighth Judicial District Court for Nevada to unseal and make available for his counsel's review all trial exhibits and juror questionnaires used in his state court criminal trial. Docket #10. Hernandez asserts that counsel's review of the sealed material is necessary for him to "fully raise any newly discovered [habeas] claims." *Id.*, p. 2. In addition, Hernandez asks that the court's adjudication of the motion be expedited because his deadline for raising new claims is December 21, 2009.

As an initial matter, this court notes that Hernandez has not cited to any legal authority that vests authority in this court to order to a state court to make the requested material available under the circumstances present here. In the interest of comity, this court is not inclined to interfere with the administration and management of state courts without a clear showing that such interference is

1  warranted.  In addition, while the respondents may eventually be required to produce the state court
2  record in this proceeding, Rule 5 of the Rules Governing Section 2254 Cases confines the
3  respondents' obligation in this regard to transcripts, briefs, and opinions and dispositive orders.
4  Nowhere under the habeas rules are the respondents required to produce trial exhibits or juror
5  questionnaires used in the state court proceedings.

6       Moreover, Hernandez's request for production of trial exhibits and juror questionnaires falls
7  within the ambit of discovery.  *See Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997) (treating
8  petitioner's request for FBI testing of clothes he was wearing the night of the murder as a discovery
9  motion).  There is no presumptive right to discovery in habeas cases.  Under Rule 6 of the Rules
10  Governing Section 2254 Cases, petitioner must show good cause in order to obtain leave to conduct
11  discovery.  The Supreme Court has construed Rule 6, holding that if through "specific allegations
12  before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are
13  fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to
14  provide the necessary facilities and procedures for an adequate inquiry."  *Bracy v. Gramley*, 520 U.S.
15  899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).  A habeas petitioner will
16  not be granted leave to conduct discovery based on allegations that are purely speculative or without
17  any basis in the record.  *See Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999).

18       With his motion, Hernandez has not provided even a hint as to how his review of the juror
19  questionnaires will aid in his effort to obtain habeas relief.  Without a more substantial showing, this
20  court is left to conclude that Hernandez's request with respect to the juror questionnaires is based
21  entirely on speculation.

22       As for the trial exhibits, Hernandez posits that the fact that the physical evidence presented at
23  his trial, in particular the murder weapon, remains in sealed bags in the state court's evidence vault
24  means that his trial counsel failed to ever examine or test the evidence.  According to Hernandez,
25  such a failure would amount to ineffective assistance of counsel under *Strickland v. Washington*, 466
26  U.S. 668, 688-89 (1984).

While marginally stronger than his request related to the juror questionnaires, Hernandez's request to unseal physical evidence likewise fails to meet the good cause standard under *Bracy* / *Harris*. First, Hernandez's assertion that his trial counsel failed to examine or test the physical evidence in his case is based largely on assumption. And, while failure to examine or test *some* physical evidence may amount to ineffective assistance of counsel in *some* cases, counsel is not necessary obligated to test *all* the evidence in *all* cases in order to provide constitutionally effective representation.

Second, even assuming Hernandez's counsel performed below the *Strickland* standard by failing to examine or test physical evidence, Hernandez would still need to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Here, he has not provided even a theory as to how his defense suffered by counsel's alleged failures.

Lastly, this court rejects Hernandez's argument that denying him the right to examine the physical evidence would violate his right to due process and equal protection. Federal habeas cases are not meant to be retrials of petitioners' state criminal cases. Any claim that Hernandez has a constitutional right to examine or test, post-conviction, the evidence presented at his trial was likely foreclosed by the Supreme Court's recent decision in *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, ____ U.S. ___ , 129 S.Ct. 2308, 2322 (2009) (holding that post-conviction defendants have no substantive or procedural due process right to post-conviction DNA testing).

**IT IS THEREFORE ORDERED** that petitioner's "Motion For Expedited Order Unsealing State Trial Court Exhibits And Juror Questionnaires" (docket #10) is DENIED.

DATED this 14th day of December, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3