# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FERNANDO NAVARRO HERNANDEZ,

    Petitioner,                                         3:09-cv-00545-LRH-WGC

vs.

                                                    **ORDER**

TIMOTHY FILSON, *et al.*,

    Respondents.

_____/

       In this capital habeas corpus action, there are, pending, a motion to dismiss filed by respondents (ECF No. 107) and a motion for evidentiary hearing filed by the petitioner, Fernando Navarro Hernandez (ECF No. 118).

       In addition, on January 11, 2017, Hernandez filed a motion for leave to supplement his third amended petition (ECF No. 133), and on February 15, 2017, Hernandez filed a motion for stay and abeyance (ECF No. 145).

       In the motion for leave to supplement, Hernandez requests that he be granted leave of court to add two new claims based on *Hurst v. Florida*, 136 S.Ct. 616 (2016). Respondents filed an opposition to that motion on February 1, 2017 (ECF No. 140), and Hernandez filed a reply on February 15, 2017 (ECF No. 144). The motion will be granted.

       Respondents contend that Hernandez has mischaracterized the addition of the *Hurst* claims as a supplement, rather than as an amendment. *See* Fed. R. Civ. P. 15. For purposes of this motion, the

1  distinction is immaterial.  A petition for a writ of habeas corpus "may be amended or supplemented
2  as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12,
3  Rules Governing Section 2254 Cases (Rules of Civil Procedure apply to federal habeas proceedings
4  "to the extent that they are not inconsistent.").  Federal Rule of Civil Procedure 15(a) permits a party
5  to amend a pleading with the opposing party's written consent or the court's leave.  *See* Fed. R. Civ.
6  P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id*.  "Courts may decline
7  to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive
8  on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,
9  undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of
10 amendment, etc.'" *Sonoma County. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109,
11 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of
12 prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*,
13 316 F.3d 1048, 1052 (9th Cir. 2003).

14 　　　*Hurst* was decided January 12, 2016.  Respondents do not show that Hernandez's request to
15 add claims based on *Hurst* within the following year involved undue delay, bad faith, or dilatory
16 motive, or that they would be unduly prejudiced by the addition of such claims.

17 　　　Furthermore, while there appear to be serious questions regarding the retroactivity of *Hurst*,
18 and its application in this case, the court determines -- for purposes of the motion to supplement only
19 -- that there is no showing that addition of the *Hurst* claims would be futile. "[P]roposed
20 amendments [are futile when they] are either duplicative of existing claims or patently frivolous."
21 *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014), quoting *Bonin v. Calderon*, 59 F.3d 815, 846
22 (9th Cir.1995).

23 　　　Therefore, the court will grant Hernandez's motion to supplement, and will allow Hernandez
24 to add his new Claims 28 and 29 to his petition.  Hernandez has presented his new claims in a
25 document entitled "Supplement to Third Amended Petition for Writ of Habeas Corpus" (ECF No.
26 134).  *See also* Exhibit 250, filed with the Motion for Leave to Supplement the Third Amended

Petition (ECF No. 133-1).  The court will require Hernandez to file a fourth amended petition, including his two new claims.  The addition of the new claims to Hernandez's petition should be purely a clerical matter, and it should not require significant time or resources.  The court determines that, at this point in this action, doing so will create a better record going forward, with Hernandez's entire petition in one document.

The court will deny as moot, and without prejudice, the pending motion to dismiss, as well as Hernandez's motion for evidentiary hearing.  The court recognizes that, when appropriate, there will likely be a motion to dismiss Hernandez's fourth amended petition, and, to a great extent, that motion will duplicate background information and argument in the motion to dismiss the third amended petition, but the reiteration of material in the parties' briefing of a new motion to dismiss should be largely a clerical matter, and should not require significant time or resources.  The court will not, however, entertain the anticipated motion to dismiss the fourth amended petition until the motion for stay is resolved.

The court will set an extended schedule for further briefing of the motion for stay, recognizing that the resolution of that motion for stay will likely turn on the issues whether there was good cause for Hernandez's failure to previously exhaust his *Hurst* claims in state court, and whether those claims are plainly meritless.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Nothing in this order, granting Hernandez's motion for leave to supplement, will have any bearing on any issue raised by the motion for stay, or on any other procedural issue in this case; nor will any aspect of this order have any bearing on the court's consideration of the merits Hernandez's new claims in any other context.

**IT IS THEREFORE HEREBY ORDERED** that petitioner's Motion for Leave to Supplement the Third Amended Petition (ECF No. 133) is **GRANTED**.  Petitioner shall have **10 days** from the date of this order to file a fourth amended petition for writ of habeas corpus, including his new Claims 28 and 29, which are set forth in the Supplement to Third Amended Petition for Writ of Habeas Corpus (ECF No. 134).

**IT IS FURTHER ORDERED** that respondents shall have **30 days** from the date of this order to file a response to petitioner's motion for stay. Thereafter, petitioner shall have **30 days** to file a reply in support of his motion for stay. The court will not look favorably upon any motion to extend this schedule.

**IT IS FURTHER ORDERED** that respondents' Motion to Dismiss (ECF No. 107) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that petitioner's Motion for Evidentiary Hearing (ECF No. 118) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the court will set a schedule for respondents to further respond to petitioner's fourth amended petition, if and when appropriate, following the resolution of petitioner's motion for stay.

Dated this 23rd day of February, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE