# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FERNANDO NAVARRO HERNANDEZ,

    Petitioner,                               3:09-cv-00545-LRH-WGC

vs.

                                                **AMENDED ORDER**

TIMOTHY FILSON, *et al.*,

    Respondents.

_____/

    In this capital habeas corpus action, there is, before the Court, a motion for stay (ECF No. 145) filed by the petitioner, Fernando Navarro Hernandez.

    On March 6, 2017, with leave of court, Hernandez filed a fourth amended petition for writ of habeas corpus (ECF No. 147), adding to his petition two claims based on *Hurst v. Florida*, 136 S.Ct. 616 (2016). In his motion for stay, filed on February 15, 2017 (ECF No. 145), Hernandez requests that this action be stayed while he exhausts those claims in state court. Respondents filed an opposition to the motion for stay on March 27, 2017 (ECF No. 148), and Hernandez filed a reply on April 26, 2017 (ECF No. 149). The motion for stay will be denied.

    In *Rhines v. Weber*, 544 U.S. 269 (2005), the stay and abeyance procedure was condoned by the Supreme Court as a means by which a habeas petitioner with a mixed petition subject to dismissal under *Rose v. Lundy*, 455 U.S. 509 (1982), could fully exhaust his petition without the risk of running afoul of the one-year statutory time limit for filing federal petitions. *See Rhines*, 544 U.S.

at 276. The *Rhines* Court cautioned, however, that stay and abeyance, if too frequently used, would undermine AEDPA's goals of prompt resolution of claims and deference to state court rulings. *Id*. The Court held that, in order to obtain "stay and abeyance," a petitioner must show: (1) good cause for the failure to exhaust claims in state court, (2) that the unexhausted claims are potentially meritorious, and (3) the absence of abusive tactics or intentional delay. *Id*.; *see also Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005).

In his two claims based on *Hurst*, Hernandez asserts that his federal constitutional rights were violated because the trial court failed to instruct the jury that, to impose the death penalty, it had to find beyond a reasonable doubt that there were insufficient mitigating circumstances to outweigh the aggravating circumstances, and because, on the appeal in his first state habeas action, the Nevada Supreme Court, after striking an invalid aggravating circumstance, re-weighed the remaining aggravating circumstances and the mitigating circumstances, and affirmed the district court's denial of relief with respect to his death penalty. *See* Motion for Stay (ECF No. 145), pp. 3, 7-8; *see also* Fourth Amended Petition for Writ of Habeas Corpus (ECF No. 147), pp. 223-29.

This Court concludes that Hernandez's *Hurst* claims are not potentially meritorious and, on that basis, denies his motion for a stay.

In *Hurst*, the Court held that Florida's capital sentencing scheme violated the Sixth Amendment right to a jury trial because, under the scheme, the jury rendered an advisory verdict but the judge ultimately found the facts necessary to impose a sentence of death. *See Hurst*, 136 S.Ct. at 624. In reaching that holding, the Court relied upon *Ring v. Arizona*, 536 U.S. 584 (2002), which held that any fact necessary for the imposition of the death penalty must be found by a jury, not a judge. *See Ring*, 536 U.S. at 589. *Ring* and *Hurst* are both based on *Apprendi v. New Jersey*, 530 U.S. 466 (200), which held that any fact that "expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict" is an "element" that must be submitted to a jury. *Apprendi*, 530 U.S. at 494.

///

Hernandez claims that his death sentence is unconstitutional under *Hurst* because the jury was not instructed that it had to find beyond a reasonable doubt that there were no mitigating circumstances sufficient to outweigh the aggravating circumstances. In his other claim based on *Hurst*, Hernandez claims that his death sentence is unconstitutional because, on the appeal in his first state habeas action, the Nevada Supreme Court struck one aggravating circumstance and re-weighed the remaining aggravating circumstances and mitigating circumstances. Hernandez reasons that, under *Hurst*, the weighing of aggravating and mitigating factors is an "element" that must be submitted to the jury, and to which the reasonable doubt standard must be applied.

Hernandez's claims extend the holding in *Hurst* beyond its cognizable bounds. Neither *Ring* nor *Hurst* holds that the weighing of aggravating and mitigating circumstances is an "element" that must be submitted to the jury, or to which the reasonable doubt standard must apply. The Court in *Ring* noted that "[t]he State's law authorizes the judge to sentence the defendant to death only if there is at least one aggravating circumstance and 'there are no mitigating circumstances sufficiently substantial to call for leniency.'" *Ring*, 536 U.S. at 593. Yet, the Court identified only the existence of an aggravating circumstance as an "element" that must be found by a jury to impose the death penalty. *Ring*, 536 U.S. at 609.

The Court in *Hurst* concluded that Florida's capital sentencing scheme was unconstitutional because it "required the judge alone to find the existence of an aggravating circumstance." *Hurst*, 136 S.Ct. at 624. The import of *Hurst* is its holding that the jury's advisory role under Florida law fell short of complying with the Sixth Amendment requirement of *Apprendi* and *Ring*. It did not break new ground with respect to what determinations qualify as an "element" that must be submitted to a jury and to which the reasonable doubt standard must be applied. Because neither *Ring* nor *Hurst* classifies the weighing of aggravating and mitigating circumstances as an element that must be determined by a jury applying the reasonable doubt standard, Hernandez has no support for his *Hurst* claims.

///

Furthermore, even assuming, for purposes of analysis, that the Supreme Court's holding in *Hurst* represents a new rule supporting Hernandez's claims -- this Court finds that it does not -- the Ninth Circuit Court of Appeals recently held that any such new rule drawn from *Hurst* would not apply retroactively to cases on collateral review, such as Hernandez's. *See Ybarra v. Filson*, ___ F.3d ___, 2017 WL 3811118, pp. 11-14 (9th Cir., September 1, 2017). In *Ybarra*, the court of appeals assumed for the sake of argument, as this Court does, that *Hurst* "creates a new rule," "establishes that the 'weighing determination' is an element," and "renders the Nevada sentencing scheme unconstitutional," but held that, "[n]evertheless, even after making these generous assumptions, [the petitioner] cannot obtain relief under *Hurst*." *Id*. at 12.

Because Hernandez's claims based on *Hurst* have no potential for success on their merits, a stay of this action to allow for state-court exhaustion of the claims is unwarranted.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Stay and Abeyance (ECF No. 145) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall file an answer or other response to petitioner's fourth amended petition for writ of habeas corpus within the time specified in the order entered October 26, 2017 (ECF No. 157).

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered on February 20, 2015 (ECF No. 94) shall remain in effect.

**IT IS FURTHER ORDERED** that this amended order is filed, replacing the order entered September 11, 2017 (ECF No. 150), to correct errors (regarding the petitioner's name, and regarding the number of claims based on *Hurst* the petitioner asserts) at p. 4, lines 2 and 4. The Clerk of the Court is directed to restrict the original version of this order (ECF No. 150).

DATED this 31st day of October, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE