UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FERNANDO NAVARRO HERNANDEZ,<br><br>Petitioner,<br>v.<br><br>TIMOTHY FILSON, *et al.*,<br><br>Respondents. | Case No. 3:09-cv-00545-LRH-WGC<br><br>ORDER |

In this capital habeas corpus action, the petitioner, Fernando Navarro Hernandez, is represented by appointed counsel, the Federal Public Defender for the District of Nevada (FPD). On March 6, 2017, the FPD filed, on Hernandez's behalf, a 230-page fourth amended petition for writ of habeas corpus (ECF No. 147), including 29 claims, many of which are comprised of multiple subparts. On March 5, 2018, the respondents filed a motion to dismiss (ECF No. 161). Hernandez's response to the motion to dismiss is due on May 4, 2018. *See* Order entered February 20, 2015 (ECF No. 94) (60 days for response to motion to dismiss).

On April 9, 2018, the Court received a letter from Hernandez, sent by Hernandez himself, in which he complains to the Court that the FPD has not asserted certain claims in his habeas petition. As that letter concerns the attorney-client relationship, and because it may be construed to disclose communications between attorney and client, as well as litigation strategy, the Clerk of the Court properly filed it under seal (ECF No. 162).

///

While a criminal defendant has the authority, as between the defendant and his counsel, to make certain fundamental decisions regarding his case – for example, the decision regarding how to plead, whether to waive a jury trial, whether to testify, and whether to appeal -- there is no authority that a defendant, or a petitioner, in this case, may control the legal claims asserted on his behalf by his counsel. *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). Counsel "must be allowed to decide what issues are to be pressed." *Id.* at 751.

The Court denies the requests made by Hernandez in his letter to the Court. Hernandez's letter will remain sealed. The Court will direct the Clerk of the Court to serve a copy of the letter on Hernandez's counsel (but not on any other party). Counsel is encouraged to consult with Hernandez regarding the letter.

**IT IS THEREFORE ORDERED** that the requests made by the petitioner in his *pro se* letter to the Court (ECF No. 162) are **DENIED**.

**IT IS FURTHER ORDERED** that the Hernandez's letter (ECF No. 162) will remain under seal. The Clerk of the Court shall serve a copy of Hernandez's letter (ECF No. 162) on Hernandez's counsel; the Clerk of the Court is not to serve a copy of the letter on any other party.

DATED this 13th day of April, 2018.

_____
LARRY R. HICKS,
UNITED STATES DISTRICT JUDGE