# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FERNANDO NAVARRO HERNANDEZ,

Petitioner,

v.

WILLIAM GITTERE, *et al.*,

Respondents.

Case No. 3:09-cv-00545-LRH-WGC

**ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 186) AND GRANTING MOTION FOR LEAVE TO AMEND (ECF NO. 204)**

In this capital habeas corpus action, on March 6, 2017, the petitioner, Fernando Navarro Hernandez, filed a fourth amended habeas petition (ECF No. 147). On March 5, 2018, Respondents filed a motion to dismiss (ECF No. 161). The Court ruled on the motion to dismiss on February 4, 2019 (ECF No. 184), granting the motion in part and denying it in part and dismissing certain of Hernandez's claims.

On March 1, 2019, Hernandez filed a motion for reconsideration (ECF No. 186), requesting that the Court reconsider an issue resolved in the order on the motion to dismiss. Respondents filed an opposition to that motion on April 19, 2019 (ECF No. 194), and Hernandez replied on May 10, 2019 (ECF No. 200). The issue Hernandez seeks to have reconsidered is "whether the Nevada Supreme Court 'clearly and expressly' applied Nev. Rev. Stat. (NRS) § 34.726 to claims raised in Mr. Hernandez's

second state post-conviction (habeas) action." Motion for Reconsideration (ECF No. 186), p. 3.

A district court possesses "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted); *see also* Fed. R. Civ. P. 60. However, reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (quoting *Kona Enterprises*, 229 F.3d at 890).

The argument made by Hernandez in his motion for reconsideration – that the Nevada Supreme Court did not clearly and expressly apply NRS § 34.726 to all the claims raised in his second state habeas action – was asserted in his opposition to Respondents' motion to dismiss. *See* Opposition to Motion to Dismiss (ECF No. 168),

2

pp. 32-39. Hernandez adds nothing of substance to the arguments he made regarding that issue in response to the motion to dismiss. The Court remains of the view that the Nevada Supreme Court clearly and expressly applied NRS § 34.726 to all the claims in his untimely second state habeas action. *See* Order of Affirmance, Exhibit 203 (ECF No. 98-7). The Court will deny Hernandez's motion for reconsideration.

Next, on July 2, 2019, Hernandez filed a motion for leave to further amend his habeas petition (ECF No. 204), seeking leave of court to amend his petition to add three new claims, which would be Claim 30, 31 and 32. Hernandez alleges that the three claims in question have been exhausted in state court, and that they were included in Hernandez's initial *pro se* petition in this action but not in any of his subsequent amended petitions.

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing Section 2254 Cases (Rules of Civil Procedure apply to federal habeas proceedings "to the extent that they are not inconsistent."). Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v.*

3

*Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Respondents argue generally that the proposed amendment will cause undue delay and prejudice. *See* Opposition to Motion for Leave to Amend (ECF No. 212), pp. 1, 3. However, Respondents do not describe how they would be prejudiced. And, Respondents do not show that the relatively minor delay caused by the amendment outweighs the petitioner's need, in this capital habeas corpus action, to assert his claims. Respondents also assert that they would have procedural defenses to the new claims, but they do not brief those defenses, and they do not oppose the amendment on the ground that it would be futile.

The Court will grant Hernandez leave of court to file a fifth amended petition, adding Claims 30, 31 and 32 – and making no other changes. Claims 1 through 29 are to remain in the fifth amended petition and will not be altered.

In granting Hernandez leave to amend to add his Claims 30, 31 and 32 to his petition, the Court conveys no opinion regarding the procedural viability of those claims or regarding their merits.

Respondents assert that there are "available procedural defenses to the proposed new claims." Opposition to Motion for Leave to Amend (ECF No. 212), p. 2, footnote 1. The Court will, therefore, set a schedule for Respondents to file a motion to dismiss, which motion to dismiss may raise procedural defenses to Claims 30, 31 and 32 – and only those three claims.

///

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 186) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Amend (ECF No. 204) is **GRANTED**. Petitioner will have 10 days from the date of this order to file a Fifth Amended Petition for Writ of Habeas Corpus, including his three new claims, Claims 30, 31 and 32 (and making no other substantive changes to the petition).

**IT IS FURTHER ORDERED** that Respondents will have 60 days from the filing of Petitioner's fifth amended petition to file a motion to dismiss Claims 30, 31 and/or 32 (and only those claims).

**IT IS FURTHER ORDERED** that the briefing of the motion to dismiss, and other further proceedings, will be governed by the schedule set forth in the order entered February 20, 2015 (ECF No. 94).

DATED this 27th day of September, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE